UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION



FILED
SEP 26 2016

| | |
|---|---|
| DAVID GEORGE FOOTE,<br><br>　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | 1:16-CV-003021-CBK<br><br><br><br>ORDER |

Petitioner pleaded guilty to conspiracy to distribute methamphetamine. He was sentenced on July 11, 2005, to 240 months custody to be served consecutively to 18 months of a previous state court sentence.

Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. He contends that he is entitled to relief under Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), wherein the United States Supreme Court struck down as unconstitutionally vague the so-called residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii). Johnson was made retroactive to cases on collateral review by the Supreme Court in Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

### DECISION

**I. The Residual Clause of the Armed Career Criminal Act.**

Chapter 44 of Title 18 of the United States Code sets forth the laws as to the manufacture, import, sale, and possession of firearms. Section 922(g) prohibits any person who has been convicted of a felony, is a fugitive from justice, is an unlawful user of or addicted to any controlled substance, has been adjudicated as having mental defects or has been committed to a mental institution, is an illegal alien, has been dishonorably discharged from the armed forces, has renounced United States citizenship, is subject to a restraining order, or has been convicted of a crime of domestic violence from shipping, transporting, possessing, or receiving any firearm or ammunition. 18 U.S.C. § 924(g)(1)-(9).

The maximum custodial penalty for a violation of § 922(g) is ten years. 18 U.S.C. § 924(a)(2). An enhanced mandatory minimum penalty of 15 years custody applies if a prohibited person "has three previous convictions by any court referred to in section 922(g)(1) of this title **for a violent felony or a serious drug offense, or both**, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis supplied). That mandatory minimum penalty was enacted as part of The Armed Career Criminal Act of 1984 ("ACCA"), as amended.

> The term "violent felony" is defined as
>> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>> (ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another.**

18 U.S.C.A. § 924(e)(2)(B) (emphasis supplied).

Section 924(e)(2)(B)(i) is known as the elements clause. Section 924(e)(2)(B)(ii) is known as the enumerated offenses clause. The phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the residual clause. Johnson v. United States, ___ U.S. at ___, 135 S.Ct. at 2556. The United States Supreme Court held in Johnson that the residual clause of ACCA is unconstitutionally vague. Johnson v. United States, ___ U.S. at ___, 135 S.Ct. at 2557-60. The Johnson "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Johnson v. United States, ___ U.S. at ___. 135 S.Ct. at 2563. The Supreme Court has held that Johnson is to be applied retroactively to cases under collateral review. Welch v. United States, ___ U.S. ___ , 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016). However, only defendants who were subject to ACCA's mandatory minimum sentence because at least one of their prior convictions was for a violent felony as defined by the residual clause are entitled to collateral relief.

**II. Petitioner's case.**

Petitioner pleaded guilty to a drug offense. Petitioner's crime of conviction was not for an 18 U.S.C. § 922(g) offense and he was not subject to the mandatory minimum 15 year

2

sentence provision of ACCA. The rule announced in Johnson v. United States (striking the residual clause of ACCA) does not afford petitioner any relief.

### III. Beckles v. United States.

Petitioner seeks a stay pending the United States Supreme Court's opinion in Beckles v. United States. The United States Supreme Court has granted *certiorari* in Beckles v. United States, No. 15-8544, to consider whether the residual clause of the Career Offender guideline, § 4B1.1, is also constitutionally infirm. Guideline § 4B1.1, the Career Offender guideline, always increases a defendant's criminal history to category VI and in some cases increases the offense level. The guideline applies to a defendant who, *inter alia*, "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The definition of the guideline term "crime of violence" is identical to the provisions of ACCA. U.S.S.G. § 4B1.2(a).

Petitioner's sentence was calculated pursuant to § 4B1.1 based upon a finding that he had two prior felony convictions for a crime of violence. The application of § 4B1.1 increased petitioner's offense level from 28 to 32 and increased his criminal history category from IV to VI. Without the Career Offender enhancement, petitioner's guideline range would have been 110 – 137 months. The application of the enhancement increased the range to 210 – 262 months. The statutory maximum sentence was 240 months and petitioner was sentenced to the statutory maximum. It would appear that the outcome of the United States Supreme Court's opinion in Beckles may affect the term of imprisonment to which petitioner may have been sentenced.

### ORDER

Now, therefore,

IT IS ORDERED that the motion, Doc. 4, for stay is granted. This action is stayed pending an opinion by the United States Supreme Court in Beckles v. United States, No. 15-8544.

DATED this 26th day of September, 2016.

BY THE COURT:

*Charles B Kornmann*
CHARLES B. KORNMANN
United States District Judge

3